UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARIF KING,

                Plaintiff,

-against-

W. GARCIA,

                Defendant.

**ORDER**

21-CV-09118 (PMH)

PHILIP M. HALPERN, United States District Judge:

On November 3, 2021, Sharif King ("Plaintiff"), while incarcerated at Great Meadow Correctional Facility, commenced this *pro se* action under 42 U.S.C. § 1983 against William Garcia ("Defendant"), alleging that Defendant failed to protect him from being attacked by another prisoner while he was incarcerated in Downstate Correctional facility. (Doc. 2). On November 4, 2021, Chief Judge Laura Taylor Swain granted Plaintiff's application to proceed *in forma pauperis*, and advised that "it is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes," and warned Plaintiff that "the Court may dismiss the action if Plaintiff fails to do so." (Doc. 4). This action was reassigned to me on November 8, 2021. (Nov. 8, 2021 Entry).

As of November 9, 2021, Plaintiff's address was identified on docket as Great Meadow Correctional Facility 11739 State Route 22, P.O. Box 51, Comstock, NY 12821-0051. (Doc. 8). Plaintiff notified the Court on February 2, 2022, that his mailing address had changed to DIN #18A4833, Five Points Corr. Facility, 6600 State Route 96, Romulus, NY 14541. (Doc. 10). Plaintiff corresponded with Defendant and the Court from the Five Points Correctional Facility address until as late as October 19, 2022. (*See* March 23, 2022 Entry; April 8, 2022 Entry; Docs. 18, 22, 25, 28-29, 37, 42).

Counsel for Defendant advised the Court that he spoke to Plaintiff on December 7, 2022, and learned that Plaintiff was being released from the custody of the Department of Corrections and Community Supervision on December 22, 2022. (Doc. 46). The Court held an initial pre-trial conference on December 20, 2022, wherein Plaintiff personally informed the Court that he was being released from DOCCS custody. The Court directed Plaintiff at that conference to update his address on the docket upon his release. The Court, following that conference, issued an Order as well as a Civil Case Discovery Plan and Scheduling Order ("Scheduling Order"). (Docs. 44, 45). The Court further directed Defendant to serve a copy of the Court's Order and the Scheduling Order on Plaintiff. (Docs. 44, 45). The Clerk's Office attempted to serve the Court's Order and the Scheduling Order on Plaintiff, but both of its mailings were returned as "Attempted - Not Known Unable To Forward" on January 30, 2023. (Jan. 30, 2023 Entries). Defendant likewise made several attempts to serve the Court's Order and Scheduling Order on Plaintiff, including mailing a copy to Bellevue Men's Shelter at 400 E. 30th Street, New York, NY 10016 where Plaintiff was believed to be located on parole supervision. (Doc. 46). On January 4, 2023 and January 18, 2023, Defendant's counsel informed the Court that Plaintiff had been released from the custody of DOCCS and had not updated his address on the docket, nor had he provided a phone number or email address with which to contact him. (Docs. 46, 47). Additionally, Defendant's counsel advised that Plaintiff failed to appear at a conference before the Hon. Magistrate Judge Miroslav Lovric in the matter of *King v. Demars*, 9:21-CV-1202 (N.D.N.Y.), on January 10, 2023. (Doc. 47).

On January 19, 2023, the Court directed Defendants to continue efforts to locate and contact Plaintiff. (Doc. 49). Defendant's counsel advised the Court on February 15, 2023 that Plaintiff still had not updated his address nor provided a phone number or email address. (Doc.

50). Additionally, the letters previously sent to Plaintiff at Bellevue Men's Shelter were returned to sender. (Doc. 50). A letter was sent to a new address provided by Plaintiff's parole officer, but that letter went unanswered. (Doc. 50). On February 17, 2023, the Court Ordered Plaintiff to submit a letter by March 17, 2023, notifying the Court if his address has changed. (Doc. 51). Plaintiff was explicitly reminded that "that the Court may dismiss this action if he fails to so notify the Court in writing of a change in address, and that failure to respond to this Court's Order will result in dismissal of his case pursuant to Federal Rule of Civil Procedure 41(b)." (Doc. 51). This Order was mailed to Plaintiff at the address listed on ECF as well as another residential address identified by Defendant as a possible address for Plaintiff. (Doc. 51). Both mailings were returned to sender and unable to be forwarded. (April 25, 2023 Entry).

On April 20, 2023, Defendant requested dismissal pursuant to Rule 41(b) and filed a declaration of service with respect to Plaintiff's correctional facility and residential addresses. (Doc. 52). Plaintiff has not updated his address on the docket as of the date of this Order.

## STANDARD OF REVIEW

The Second Circuit has recognized that Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months); *Haynie v.*

*Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* complaint for want of prosecution after plaintiff failed to respond for six months).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "However, even *pro se* litigants must prosecute claims

4

diligently, and dismissal . . . is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

## ANALYSIS

The Court finds that dismissal of Plaintiff's action for failure to prosecute under Rule 41(b) is proper in this case. As to the first factor, Plaintiff has failed to communicate with the Court or update his address on the docket for approximately five months. At the December 20, 2022 initial pretrial conference, the Court directed Plaintiff to update his address given his impending release from custody. On January 18, 2023, Defendant confirmed that Plaintiff was released from custody. (Doc. 47). Having received no updated address and knowing Plaintiff had been released from custody, the Court ordered Defendant to take efforts to locate Plaintiff. (Doc. 49). Defendant's attempt to reach Plaintiff through his parole officer was unsuccessful (Doc. 50). On February 27, 2023, the Court ordered Plaintiff to submit a letter by March 17, 2023, notifying the Court if his address had changed. (Doc. 51). He was reminded that "the Court may dismiss this action if he fails to so notify the Court in writing of a change in address, and that failure to respond to this Court's Order will result in dismissal of his case pursuant to Federal Rule of Civil Procedure 41(b)." (Doc. 51). No response has been filed to date. Indeed, Plaintiff has not contacted the Court or Defendant since the December 20, 2022 initial pre-trial conference. Plaintiff's failure to comply with the Court's directives over five months is sufficient to support dismissal. *See, e.g.*, *Balderramo v. Go New York Tour Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41.").

Second, Plaintiff has been warned that failure to comply with the Court's directives could result in dismissal of this action. The February 27, 2023 Order warned that the case would be

dismissed unless Plaintiff responded. (Doc. 51). Moreover, the Court warned Plaintiff numerous times, orally and in writing, to submit a written notification to the Court if his address changed. (Docs. 4, 8, 51). Such warnings support dismissal. *See Davis v. Correct Care Solutions*, No. 19-CV-10588, 2020 WL 6064184, at *3 (S.D.N.Y. Oct. 14, 2020).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here is inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter for more than five months. Moreover, Plaintiff has brought the litigation to a standstill because of the Court's and defense counsel's inability to provide him with a copy of the Scheduling Order, as well as his lack of response to Defendant's letter of April 20, 2023 seeking dismissal for failure to prosecute. (Doc. 52).

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-6717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Since December 20, 2022, the Court has issued multiple directives pressing Plaintiff to update his address upon release from custody, including one Order which explicitly warned that the action would be dismissed for failure to respond. He has not complied with those directives and there is no reason to believe that he intends to pursue this action any further.

The Court has further "considered the possibility of a less drastic sanction than dismissal." *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021). Where, as here, a plaintiff was released from custody and appears to have abandoned the litigation, dismissal is appropriate. *See Mena v.*

*City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

## **CONCLUSION**

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED without prejudice. The Clerk of the Court is respectfully directed to terminate this action and to mail a copy of this Order to Plaintiff.

                **SO ORDERED:**

Dated:   White Plains, New York
           May 26, 2023

                              PHILIP M. HALPERN
                              United States District Judge